# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Charles Alfred Armajo, Jr., | Case No. 22-cv-396 (NEB/TNL) |
| Plaintiff, | |
| v. | **ORDER** and **REPORT AND RECOMMENDATION** |
| State of Minnesota; St. Louis County Detention Center; J. Pete, St. Louis Co.; and D.S. #601, St. Louis Co. Capt., | |
| Defendants. | |

Plaintiff Charles Alfred Armajo, Jr., did not pay the filing fee for this action, instead applying for *in forma pauperis* ("IFP") status. Because Armajo is a prisoner, he is required to pay an initial partial filing fee at the outset of any civil action filed in federal court, regardless of whether he proceeds IFP. *See* 28 U.S.C. § 1915(b). In an order dated April 5, 2022, this Court calculated Armajo's initial partial filing fee in this matter to be $66.43 and directed him to pay that amount within 20 days, failing which it would be recommended that this matter be dismissed without prejudice for failure to prosecute. *See* ECF No. 20. The Court did not receive the required payment by that deadline, and so, on May 9, 2022, this Court recommended that this matter be dismissed without prejudice for failure to prosecute. *See* ECF No. 22.

Several weeks after that Report and Recommendation was entered, Armajo informed the Court that he has attempted to send the initial partial filing fee but that prison officials have prevented him from doing so. *See generally* ECF No. 23. If it is

1

true, as Armajo alleges, that he made good-faith efforts towards paying the initial partial filing fee and that he has been thwarted by factors out of his control, then a dismissal for failure to prosecute would not be in the interests of justice.

Accordingly, this Court will vacate the prior Report and Recommendation. Based on Armajo's representations, this Court concludes that Armajo lacks sufficient assets or means to pay the initial partial filing fee assessed in this matter. The requirement that Armajo pay an initial partial filing fee will therefore be waived. *See* 28 U.S.C. § 1915(b)(4). Nevertheless, Armajo remains responsible for the $350.00 statutory filing fee in this matter, which must be paid in installments over time. Officials at the prison where Armajo is currently detained will be apprised of that responsibility, as required by § 1915(b)(2).

The earlier Report and Recommendation having been vacated and Armajo having been excused from paying an initial partial filing fee, this Court must now review the pleading submitted by Armajo in this matter. Under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Armajo was convicted of second-degree sexual abuse of a minor in Wyoming state court. *See Armajo v. State*, 478 P.3d 184, 188 (Wyo. 2020). The conviction was affirmed on direct appeal before the Wyoming Supreme Court, where Armajo was represented by counsel. At this time, Armajo was detained in Minnesota at the St. Louis County Detention Center on an Interstate Compact Detainer. *See* Compl. ¶ 3.3 [ECF No. 1]. Armajo was returned to Wyoming on April 6, 2021. *Id.* at ¶ 6.7.

In this action, Armajo alleges that the conditions at the St. Louis County Detention Center deprived him of his ability to defend against the criminal charges in two respects. First, Armajo alleges that starting in December 2020, jail officials impeded his

3

communications with his appellate counsel. *See* Compl. ¶¶ 6.1-6.2. Armajo alleges that, due to the barriers in communication, his attorneys were unable to effectively represent him before the Wyoming state courts or to file a petition for a writ of certiorari before the Supreme Court of the United States. Second, Armajo alleges that jail officials prevented him from contacting other attorneys or accessing legal materials that would have permitted him to file a petition for a writ of certiorari. *See id*. at ¶¶ 6.4-6.6. Armajo now seeks monetary relief pursuant to 42 U.S.C. § 1983 from the State of Minnesota, the St. Louis County Detention Center, and two jail employees.

As this Court previously warned Armajo, there are several substantial problems with his complaint. Each of Armajo's claims, insofar as they necessarily imply the invalidity of his conviction, are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As *Heck* recognized, an action for monetary damages under § 1983 cannot be used as a backdoor method of challenging the validity of a conviction or sentence. *Id*. And any claim barred by *Heck* must be dismissed without prejudice. *See Gautreaux v. Sanders*, 395 F. App'x 311, 312-13 (8th Cir. 2010) (modifying dismissal under *Heck* to be without prejudice).

But even leaving *Heck* aside, Armajo has not plausibly alleged how jail officials have deprived him of his constitutional rights. Armajo first claims that jail officials contributed to his inadequate representation during the Wyoming state court proceedings. But Armajo's state-court proceedings — or, at the very least, his attorneys' active involvement in those proceedings — had already effectively *concluded* before any of the events at issue in this action took place. Oral arguments in Armajo's criminal matter

4

were conducted before the Wyoming Supreme Court on September 22, 2020. *See Armajo v. State*, No. S-20-0088. No action is alleged by Armajo to have been taken by jail officials until December 1, 2020. By this point, there was very little left for Armajo's attorneys to do but await the issuance of the opinion (which was released less than three weeks later, on December 18, 2020). At no point in the pleading does Armajo discernably allege how, precisely, the actions of the jail officials interfered with his attorneys' ability to defend him in state court.[1]

By contrast, Armajo's allegations are clearer regarding the alleged interference with the ability to file a petition for a writ of certiorari before the Supreme Court of the United States. But with respect to this aspect of the ineffective-assistance claim, Armajo faces a more fundamental challenge: he did not have a constitutional right to have counsel assist him in filing a petition for a writ of certiorari. *See Ross v. Moffitt*, 417 U.S. 600, 617 (1974); *Wainwright v. Torna*, 455 U.S. 586, 587 (1982) (per curiam). Accordingly, Armajo cannot bring an ineffective-assistance claim premised on performance at the certiorari stage of proceedings. *See, e.g.*, *Brown v. United States*, No. 02-CR-0101 (JRT/FLN), 2006 WL 3626983, at *2 (D. Minn. Dec. 12, 2006).

Armajo also alleges that jail officials deprived him of access to the courts through conditions that prevented him from seeking a writ of certiorari on his own behalf. There

---

[1] Nor could the defendants have interfered unlawfully with Armajo's ability to represent himself in the state-court proceedings, as "[a] defendant does not have a constitutional right 'to simultaneously proceed pro se *and* with the benefit of counsel.'" *United States v. Fiorito*, 821 F.3d 999, 1003 (8th Cir. 2016) (quoting *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir.1994)).

are two problems — again, leaving aside *Heck*, a problem of its own — with this claim. First, to plead a viable claim of denial of access to the courts, Armajo must plausibly allege that he suffered prejudice resulting from the denial of access. *See Klinger v. Dep't of Corrections*, 107 F.3d 609, 617 (8th Cir. 1997). The complaint fails to establish that any colorable claim for relief remained available to Armajo by the time that his criminal prosecution reached the certiorari stage. Second, even if a colorable claim for relief had been available to Armajo at the certiorari stage, St. Louis County officials could not have meaningfully impeded Armajo's access to the Supreme Court of the United States, because Armajo had been transferred away from the St. Louis County Detention Center long before the period for seeking a writ of certiorari had expired. The Wyoming Supreme Court affirmed Armajo's conviction on December 18, 2020. Armajo then had 150 days in which to file a petition for a writ of certiorari. *See* U.S. Sup. Ct. R. Filing Extensions Order (issued Mar. 19, 2020, rescinded July 19, 2021) (temporarily extending the period for filing a petition for a writ of certiorari to 150 days from the date of the lower court order denying discretionary review). Armajo was transferred to Wyoming on April 6, 2021. *See* Compl. ¶ 6.7. Even if Armajo's foreclosure from the Supreme Court had been absolute during his incarceration in Minnesota, Armajo could not have been prejudiced by the denial of access, as he had another six weeks in which to file his certiorari petition.[2]

---

[2] In the order dismissing Armajo's petition for a writ of habeas corpus, the United States District Court for the District of Wyoming stated that the period for seeking certiorari expired for Armajo on March 18, 2021. *See Armajo v. Wyoming Attorney General*, No. 21-CV-184-NDF, ECF No. 7 at 2 (D. Wyo. Oct. 18, 2021). This was an error, though an

For these reasons, this Court will again recommend dismissal of this action. Because it is recommended that this action be summarily dismissed pursuant to § 1915A(b), it will further be recommended that Armajo's pending applications to proceed IFP and motions to submit evidence be denied.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The May 9, 2022 Report and Recommendation [ECF No. 22] is **VACATED**.

2. Armajo must pay the unpaid balance ($350.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Armajo is confined.

## RECOMMENDATION

**IT IS FURTHER RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

---

understandable one: Due to the Covid-19 pandemic, the period for seeking a writ of certiorari had been temporarily enlarged from the usual 90 days to 150 days during the period in which Armajo could have sought relief. In any event, nothing turned on the error, as Armajo's habeas petition was dismissed for failure to exhaust remedies in Wyoming state court, not due to Armajo's failure to timely request a writ of certiorari.

2. The applications to proceed *in forma pauperis* of plaintiff Charles Alfred Armajo, Jr. [ECF Nos. 2, 3 & 13] be **DENIED**.

3. Armajo's motions to include evidence [ECF Nos. 5, 7, & 10] be **DENIED**.

Dated: June __27__, 2022         *s/ Tony N. Leung*
                                 Tony N. Leung
                                 United States Magistrate Judge
                                 District of Minnesota

                                 *Armajo v. State of Minnesota et al.*
                                 Case No. 22-cv-396 (NEB/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).