# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CHARLES ALFRED ARMAJO, JR., | Case No. 22-CV-396 (NEB/TNL) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| STATE OF MINNESOTA, ST. LOUIS COUNTY DETENTION CENTER, J. PETE, ST. LOUIS CO. SHERIFF CAPT., and D.S. # 601, ST. LOUIS CO. CAPT., | |
| Defendants. | |

The Court has received the June 27, 2022 Report and Recommendation of United States Magistrate Judge Tony N. Leung. (ECF No. 28 ("R&R").) The R&R recommends dismissing Armajo's 42 U.S.C. Section 1983 claim because it fails to state a claim on which relief can be granted. *See generally id.* (citing 28 U.S.C. § 1915A (providing for screening of claims against the government and directing the Court to dismiss claims that fail to state a claim)). Armajo objected to the R&R generally, without addressing the inadequacies identified in the R&R.[1] (ECF No. 31 ("Obj.").) The Court has reviewed the matter de novo and agrees with the thorough analysis of the R&R.

---

[1] The Court grants Armajo's motion to allow for his objection and considers his objections. (ECF No. 31.)

At times, Armajo apparently collaterally attacks his underlying conviction, which is barred by Heck. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Thus the R&R properly dismissed any claims attacking the underlying conviction.

Armajo's allegations about access to legal services at the St. Louis County Detention Center also fail to state a cognizable claim. First, Armajo complains that he was deprived access to his legal counsel in December 2020, which inhibited his pending appeal at the Wyoming Supreme Court. (R&R at 4; ECF No. 1 at 5.) But as the R&R explained, oral argument for that Appeal was held on September 22, 2020—months before the alleged deprivation. (R&R at 5 (citing *Armajo v. State*, No. S-20-0088).) Armajo has not explained how an inability to access his counsel *after* arguments were made prejudiced his case, so he has not stated a claim on this ground. *See Strickland v. Washington*, 466 U.S. 668, 691–92 (1984) (requiring prejudice to state a claim for ineffective assistance).

Next Armajo alleges that he was denied access to counsel to appeal to the United States Supreme Court. Even accepting the allegations as true, Armajo had no constitutional right to have counsel assist him with that appeal. *Wainwright v. Torna*, 455 U.S. 586, 587 (1982) (per curiam). Thus, he has not stated a claim on this ground either.

Finally, Armajo asserts that the St. Louis County Detention Center deprived him of access to the Courts by restricting access to legal materials. A claim for denial of access to the Courts requires showing prejudice, and Armajo alleges none. *Klinger v. Dep't of*

2

*Correction*s, 107 F.3d 609, 617 (8th Cir. 1997).[2] In his objections, Armajo merely asserts that he was prejudiced because he could not access the courts. He does not identify how this "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 350–51 (1996); (Obj. at 7). Thus, Armajo has not stated a claim for denial of access to the courts. The Court overrules Armajo's objections and accepts the R&R.

IT IS HEREBY ORDERED THAT:

1. Armajo's motion to consider objections (ECF No. 31) is GRANTED;

2. Armajo's objections (ECF No. 31) are OVERRULED

3. The Report and Recommendation (ECF No. 28) is ACCEPTED;

4. This matter is DISMISSED WITHOUT PREJUDICE;

5. The applications to proceed *in forma pauperis* (ECF Nos. 2, 3, 13) are DENIED; and

6. The motions to include evidence (ECF Nos. 5, 7, 10) are DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 25, 2022        BY THE COURT:

                            s/Nancy E. Brasel
                            Nancy E. Brasel
                            United States District Judge

---

[2] In his Objections, Armajo cites 42 U.S.C. Section 1996, which states that it is the United States' Policy to protect and preserve freedom of belief and worship for Native Americans. He pleads no facts suggesting that St. Louis County Detention Center impeded his worship or the practice of his religion, and thus has not stated a Section 1983 claim for violation of his freedom of worship.